IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MIKE DIXON,

      **Plaintiff,**

   v.

EXEL, INC.,

      **Defendant.**

Civil Action 2:24-cv-1891
District Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

## OPINION & ORDER

Plaintiff's Motion for Leave to File Documents Under Seal (Doc. 28) is before the Court. For the following reasons, the Motion is **DENIED**.

### I.    BACKGROUND

Plaintiff sues Defendant for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); Ohio Revised Code § 4112; the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"); the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"); and the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"). (Doc. 1 at ¶¶ 68–167). Briefly, Plaintiff alleges that he began working for Defendant as a supervisor on October 29, 2018. (*Id.* at ¶ 10). Plaintiff, who is 64 years old and has a diagnosed disability of peripheral neuropathy, says that he was approved for medical leave under the FMLA. (*Id.* at ¶¶ 14–17). He took leave on several days and then experienced "retaliation and harassment" from management, which included "snide comments" and other "discriminatory" remarks. (*Id.* at ¶ 19–25).

In December 2023, Plaintiff was scheduled for surgery and "extended medical leave." (*Id.* at ¶ 27). On November 14, 2023, Plaintiff noticed a "peculiar decoration" in the foyer of Defendant's facility. (*Id.* at ¶ 29). Plaintiff alleges the decoration "contained multiple symbols that appeared to be swastikas." (*Id.* at ¶ 32). Believing that the decoration was not approved by Defendant, Plaintiff

removed it and informed Defendant's general manager. (*Id.* at ¶¶ 33–39). Plaintiff then took the decoration to human resources as directed. (*Id.* at ¶¶ 40–41).

Later, when human resources staff discussed the decoration with him, Plaintiff expressed why the symbol was offensive "based on its historic meaning and relation to the Nazi Party." (*Id.* at ¶¶ 42–55). Defendant then initiated an investigation into Plaintiff's "report of the swastika," though it did not interview any witnesses Plaintiff offered as corroboration for his version of events. (*Id.* at ¶¶ 55–60). On November 22, 2023—two days after using FMLA leave—Plaintiff was terminated. (*Id.* at ¶ 61).

Plaintiff filed this lawsuit on April 19, 2024. (*Id.*). After several months of discovery, Defendant moved for summary judgment on May 30, 2025. (Doc. 17). Plaintiff filed his response to that motion on July 2, 2025. (Doc. 27). Now, Plaintiff seeks to seal several exhibits to his response that, he says, are his "medical documentation." (Doc. 28 at 1). Defendant does not oppose Plaintiff's Motion to seal, and the Court has reviewed the exhibits *in camera*. (Doc. 29). The matter is ripe for review.

## II. STANDARD

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also id.* ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Id.* at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury . . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305).

The Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp., Inc.*, 825 F.3d at 307). A court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp., Inc.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176). In sum, to overcome "the strong presumption in favor of openness," parties who move to seal documents must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 637.

### III. DISCUSSION

Although Plaintiff's Motion seeks to seal five exhibits (Doc. 28 at 1), Plaintiff's counsel clarified in an *in camera* communication to the Court that it seeks to seal only four documents: Exhibits 5, 18, 20, and 23. Upon review, Plaintiff has not met his high burden to seal any of the documents.

3

Exhibits 5, 20, and 23 are Plaintiff's medical records, and Exhibit 18 is seemingly part of Plaintiff's FMLA application. Plaintiff says that because these documents contain his private and sensitive medical information, and because they were marked as confidential under the parties' stipulated protective order, they should be sealed in their entirety. (Doc. 28 at 1–2).

Plaintiff's argument goes wrong in two ways. First, Plaintiff conflates "the standards for protective orders, which concern secrecy within the discovery process, and orders to seal filings, which implicate the right of the public to access court records." *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020). The Court cannot seal documents simply because the parties designate them as confidential under a stipulated protective order. *Id.*; *see also Shane Grp., Inc.*, 825 F.3d at 306 (faulting parties for offering "protective-order justifications" to seal documents); *Davis v. City of Columbus*, No. 2:17-cv-823, 2021 WL 7968412, at *1 (S.D. Ohio Feb. 2, 2021) ("The parties' agreement to maintain confidentiality, standing alone, does not constitute a compelling reason for filing under seal."). Instead, at this stage, Plaintiff must show a compelling interest in nondisclosure that outweighs the public's interest in viewing the records. *Kondash*, 767 F. App'x at 637 (also saying the request must be narrowly tailored to serve that compelling interest).

Second, Plaintiff's other reason for nondisclosure—protecting Plaintiff's medical information—does not meet the high burden to seal documents. Notably, Plaintiff's Motion is cursory and does not include the "document-by-document, line-by-line" analysis required by *Shane Group* and its progeny to seal documents. *Shane Grp., Inc.*, 825 F.3d at 308. Further, by filing claims for disability-related discrimination and violations of the FMLA, Plaintiff placed his disability at issue in this case. (*See* Doc. 1 at ¶¶ 68–167 (raising claims under the ADA, the FMLA, and Ohio Revised Code § 4112)). And courts within this circuit find that "plaintiffs who place their medical condition at issue waive any applicable privileges or statutory protections that their medical records would have otherwise had." *Doe v. Brooks Automation US LLC*, No. 3:24-cv-1284, 2025 WL 936659, at *4 (M.D. Tenn.

Mar. 27, 2025) (collecting cases). Plaintiff's one-page Motion does not explain, despite this caselaw, why the exhibits still warrant sealing. (Doc. 28 at 1–2); *see also Davis*, 2021 WL 7968412, at *1 (denying a request to seal medical records where the plaintiff said only "that the documents in question are confidential medical records subject to the parties' Protective Order").

What's more, Plaintiff concedes that the public's interest in these documents is not minimal. According to his Motion, "[t]he information within these documents is necessary for the Court to examine to effectively rule on the summary judgment briefing." (Doc. 28 at 2). As a result, the public has a strong interest in viewing the documents that will underlie the Court's decision on Defendant's summary judgment motion. *See Shane Grp., Inc.*, 825 F.3d at 305 ("[T]he public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions."); *Brahmamdam v. TriHealth, Inc.*, No. 1:19-cv-152, 2021 WL 5005368, at *3 (S.D. Ohio Oct. 27, 2021) (denying a motion to seal, in part, because the public has an interest in accessing documents underlying "the Court's resolution of any forthcoming motions for summary judgment").

Finally, the request is not narrowly tailored. Plaintiff asks to seal the exhibits in their entirety, yet at least one document, Exhibit 18, contains pages of boilerplate language that seemingly have nothing to do with Plaintiff's sensitive medical information. (*Cf.* Doc. 28 at 1–2 (saying the documents should be sealed because they contain medical information)). And Plaintiff makes no attempt to differentiate between medical information necessary to the Court's decision or irrelevant medical information that may warrant redacting. (Doc. 28 at 1–2); *cf. Turnbow-Avery v. Dejoy*, No. 1:23-cv-571, 2025 WL 296331, at *3 (S.D. Ohio Jan. 24, 2025) (sealing medical records where there was "no reason to believe that the particulars of plaintiff's private health information are relevant to the public's understanding of the disposition of this matter").

On the whole, the Court finds Plaintiff has not met his burden to seal the exhibits outright and **DENIES** the Motion. (Doc. 28). Plaintiff is **ORDERED** to file the exhibits on the public docket

5

**within seven (7) days of the date of this Order**. The Court reminds Plaintiff that some information, such as social security numbers and birth dates, may be redacted without the Court's leave under Federal Rule of Civil Procedure 5.2(a).

### IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File Documents Under Seal (Doc. 28) is **DENIED**. Plaintiff is **ORDERED** to file the exhibits on the public docket **within seven (7) days of the date of this Order**.

IT IS SO ORDERED.


Date:  July 10, 2025                                          /s/ Kimberly A. Jolson
                                                              KIMBERLY A. JOLSON
                                                              UNITED STATES MAGISTRATE JUDGE